**NORTHROP GRUMMAN CORPORATION, Plaintiff—Appellant,**

v.

**TRW, INC.; Betty D. Montgomery; Gary C. Suhadolnik, Defendants—Appellees.**

No. 02–3446.

United States Court of Appeals, Sixth Circuit.

June 28, 2002.

Before KENNEDY, SUHRHEINRICH and BATCHELDER, Circuit Judges.

## ORDER

This appeal arises from Northrop Grumman Corporations's unsuccessful effort to acquire the stock of TRW, Inc. As part of that process, a special meeting of TRW shareholders was scheduled for May 3, 2002 to vote on Northrop's hostile tender offer.

Northrop specifically sought a ruling from the district court, in advance of the shareholder meeting, that Ohio's Control Share Acquisition Act, Ohio Revised Code § 1701.831, and Merger Moratorium Act, Ohio Revised Code § 1704.01, *et seq.*, were unconstitutional and enjoining their application. The district court declined to do either. Northrop timely appealed from the April 15, 2002 order denying its motion for a preliminary injunction. This court directed expedited briefing and scheduled oral argument for Friday, August 9, 2002.

During the pendency of this appeal, the special meeting of TRW shareholders took place as scheduled on May 3, 2002. Although a certified vote has not been released, the parties concede that TRW shareholders rejected Northrop's tender offer.

This appeal does not present the court with the constitutionality of the Control Share Acquisition Act and the Merger Moratorium Act—Northrop's complaint is pending below and that determination has yet to be made by the district court. Rather, the sole question before this court is whether the district court abused its discretion in not enjoining the application of the two statutes to the shareholder meeting which occurred six weeks ago. While the court of appeals generally has jurisdiction in appeals from the denial of a preliminary injunction, *see* 28 U.S.C. § 1292(a)(1), Article III of the Constitution limits federal courts to resolving actual cases or controversies. It is apparent to the court that the sole issue presented here is no longer "live," rather it has been made moot by an intervening event, the shareholder meeting. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 63 L.Ed.2d 479 (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)).

Since there is no case or controversy presented by this appeal, oral argument is cancelled and this appeal is DISMISSED as moot.